IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION

**EASTER COMMON HAIMUR and HASUM**                 **PLAINTIFFS**
**HAIMUR**

**V.**                              **CAUSE NO. 3:20-CV-483-CWR-FKB**

**ALLSTATE PROPERTY AND CASUALTY**              **DEFENDANT**
**INSURANCE COMPANY**

## ORDER

Before the Court is Defendant Allstate Property and Casualty Company ("Allstate")'s Motion to Dismiss. Docket No. 6. The matter is fully briefed and ready for adjudication. For the reasons stated below, the motion will be denied in part and granted in part.

**I.**      **Background**

On June 4, 2019, a fire occurred at the Plaintiffs' house, which caused damage to the house and its contents. Plaintiffs had an insurance contract with Allstate in effect at the time of the fire that insured the plaintiff's personal property and house. The policy provided Coverage A ("Dwelling") for $237,722; Coverage B ("Other Structures") for $23,722; Coverage C ("Personal Property") for $118,861; and additional living expenses for up to twelve months. As a result of the fire, the Plaintiffs were unable to reside in their house, suffered damage to their personal property within the house at the time of the fire, and have incurred and continued to incur additional living expenses. Shortly after the fire, plaintiff Easter Common Haimur filed an insurance claim with Allstate for the Haimurs' losses.

Under the coverage for additional protections, Allstate paid for the Haimurs to rent a home and furniture in Madison County, Mississippi, for $2,000 and $1,200 per month, respectively. At some point after the fire loss, Allstate began its investigation. It required that Plaintiffs provide

documentation related to the loss, including but not limited to cell phone records and bank statements. Plaintiffs claim that they fully cooperated with Allstate's agent, Wilbur Jordan, and provided the requested information. Plaintiffs repeatedly followed up with Allstate to determine when Allstate would complete the investigation and pay their insurance claim. In September 2019, Jordan told Plaintiffs that he was finishing his investigation.

On March 17, 2020, Allstate retained counsel and requested that the Plaintiffs provide additional documentation and sit for examinations under oath regarding the fire and associated damage. Allstate informed Plaintiffs that no action could be taken on the insurance claim until all of the requested documents had been produced. The Plaintiffs cooperated with the request for documentation and sat for the examinations under oath on May 8, 2020.

On June 25, 2020, Allstate sent the plaintiffs a letter stating that Allstate decided to deny their claim, explaining:

> During our investigation of your claim, we concluded that the subject fire was incendiary in origin, and an insured person intentionally set fire to the loss location or procured the setting of the fire. Because Allstate concluded that the subject fire was not accidental, there is no coverage for your claim and your claim is denied.

Docket No. 1-4 at 2.

Further in the letter, Allstate declared that it found that the plaintiffs were blocked from recovering for their loss under the policy's Concealment or Fraud provisions, stating:

> During our investigation into your claim, we concluded that you [Easter Common Haimur] made misrepresentations of material facts and circumstances relating to the claim and the investigation into the claim. We also concluded that you concealed facts that were material to your claim. The misrepresentations include but are not limited to the following. You and your husband, Husam Haimur, represented that you left your residence prior to the fire for a trip to the Mississippi gulf coast and that you remained in that area until you received notification of the fire. Based upon our investigation into your claim, we concluded that the facts you reported regarding your whereabouts are false. In addition, you initially reported that the garage door at your house was left open when you departed for your trip to the Mississippi gulf coast. You testified in your examination under oath that the

> garage door was down when you departed for this trip. We therefore concluded that you made a misrepresentation regarding this subject matter. We concluded that there is evidence that you made additional material misrepresentations during the investigation of your claim. The misrepresentations you made relating to your claim and the investigation into your claim are breaches of the forgoing provision of your Allstate policy. For the reasons set forth above, your claim is denied.

Docket No. 1-4 at 2-3. After Allstate denied the insurance claim, it discontinued payments for plaintiff's additional living expenses.

Citing diversity jurisdiction, Plaintiffs filed a complaint against Allstate claiming (1) breach of contract; (2) tortious breach of contract; (3) breach of duty of good faith and fair dealing; (4) negligence; (5) respondeat superior and vicarious liability; and (6) gross negligence, recklessness, and intentional conduct in this Court on July 27, 2020. Allstate asserts that, except for the breach of contract count, Plaintiffs' Complaint does not allege facts to support their causes of action.

**II.     Legal Standard**

When considering a motion to dismiss under Rule 12(b)(6), the Court accepts the Plaintiff's factual allegations as true and makes reasonable inferences in the Plaintiff's favor. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). A satisfactory complaint will "contain a short and plain statement of the claim showing that the pleader is entitled to relief." *Id.* at 677-78 (quotation marks and citation omitted). This requires "more than an unadorned, the defendant-unlawfully-harmed-me accusation," but the complaint need not have "detailed factual allegations." *Id.* at 678 (quotation marks and citation omitted). The Plaintiff's claims must also be plausible on their face, which means there is "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citation omitted).

3

### III. Discussion

#### A. Tortious Breach of Contract

"Because this case is proceeding in diversity, the applicable substantive law is the forum state, Mississippi. State law is determined by looking to the decisions of the state's highest court." *Delancey v. MedAmerica Ins. Co.*, 248 F.Supp.3d 782, 784 (Miss. 2017) (citations omitted).

Allstate first claims that plaintiffs have not established their claim for tortious breach of contract. To assert a plausible tortious breach of contract claim, the Plaintiff must allege "some intentional wrong, insult, abuse, or negligence so gross as to constitute an independent tort." *Southern National Gas Co. v. Fritz*, 523 So. 2d 12, 19 (Miss. 1987). More specifically, the Mississippi Supreme Court has held that a Plaintiff alleging tortious interference with a contract must demonstrate:

> (1) That the acts were intentional and willful; (2) that they were calculated to cause damage to the plaintiffs in their lawful business; (3) that they were done with the unlawful purpose of causing damage and loss, without right or justifiable cause on the part of the defendant (which constitutes malice); and (4) that actual damage and loss resulted.

*O.W.O. Investments, Inc. v. Stone Inv. Co., Inc.*, 32 So. 3d. 439, 448-49 (Miss. 2010). Further, "[e]xtracontractual damages … are not warranted where the insurer can demonstrate 'an arguable, good-faith basis for denial of a claim.'" *United Services Auto Ass'n (USSA) v. Lisanby*, 47 So. 3d 1172, 1178 (Miss. 2010) (quoting *United Amer. Ins. Co. v. Merrill*, 978 So. 2d 613, 627 (Miss. 2007)).

"[T]he plausibility standard is met when the complaint pleads 'enough fact to raise a reasonable expectation that discovery will reveal evidence' in support of the alleged claims." *Forest Tire & Auto, LLC v. Catlin Specialty Insurance Co.*, No. 3:20-CV-72-DPJ-FKB, 2020 WL

5079164, at *3 (Aug. 27, 2020) (quotation marks and citations omitted). Upon reviewing Plaintiffs' filings, the Court finds that Plaintiffs pled sufficient facts to indicate that it is plausible that Allstate did not have a legitimate or arguable reason for failing to pay the claim.

Regarding the alleged bad faith delay, Plaintiffs argue that Allstate intentionally delayed the investigation. In support of this contention, Plaintiffs point to the fact that nearly ten months passed after the fire loss before Allstate retained counsel and requested additional documentation from Plaintiffs. Plaintiffs' Complaint indeed acknowledges that Allstate began its investigation shortly after the fire and that within three months, Allstate's agent represented to them that he was finishing the investigation. Yet, six months later Allstate's lawyers became involved. At that time, Allstate's counsel demanded more documentation from Plaintiffs, which they provided, and requested that Plaintiffs sit for examinations under oath, which they did.

Plaintiffs' Complaint provides enough facts to raise a reasonable expectation that discovery will reveal that Allstate denied their claim in bad faith. Stating conclusory allegations that Allstate intentionally delayed its investigation or denied the claim without an arguable basis is insufficient to state a tortious breach of contract claim. *See Hibbets v. Lexington Ins. Co.*, 377 F. App'x 353, 356 (5th Cir. 2010). But here, the Haimurs have done more. The 10-month gap between the Allstate agent's representation that the investigation was almost complete and the initiation of examinations under oath is sufficient to render Plaintiffs' allegations of tortious breach of contract plausible at the motion to dismiss stage. Plaintiffs allege that there was inordinate delay in in processing their claim.  They should be permitted to use the various tools of discovery to test Allstate's "litany of scenarios," *see* Docket No. 7, at 3, as to why the delay was justified. Later motion practice may confirm these scenarios, but at this stage, the Plaintiffs have made a plausible claim. Thus, the motion to dismiss regarding the tortious breach of contract will be denied.

### B. Breach of Good Faith and Fair Dealing

"All contracts contain an implied covenant of good faith and fair dealing in performance and enforcement." *Cenac v. Murry*, 609 So. 2d 1257, 1272 (Miss. 1992). A special relationship of trust arises between an insurer and its insured, and "parties to an insurance contract are expected to deal with each other in good faith and must abstain from any conduct which impairs the right of the other to receive the benefits of the agreement." *Blue Diamond, Inc. v. Liberty Mut. Ins*. Co., 21 F.Supp.2d 631, 633 (S.D. Miss. 1998). "A breach of this duty may give rise to an independent tort action for bad faith." *Id*. Plaintiffs claim that Allstate breached the duty of good faith and fair dealing. "[T]he claim of breach of the covenant of good faith itself asserts a tort, one flowing from tortious breach of contract." *Lippincott v. Mississippi Bureau Of Narcotic*s, 856 So. 2d 465, 468 (Miss. Ct. App. 2003). Further, Mississippi courts have stated:

> Good faith has been defined by courts as the faithfulness of an agreed purpose between two parties, a purpose which is consistent with the justified expectations of the other party. Bad faith has been defined as requiring a showing of more than bad judgment or negligence … bad faith implies some conscious wrongdoing because of dishonest purpose or moral obliquity. However, a party does not breach the implied covenant of good faith and fair dealing when the party took only those actions which were duly authorized by the contract.

*Caplinger v. Whitney Bank*, 293 So. 3d 307, 312 (Miss. Ct. App. 2020) (citation omitted) (cleaned up). Additionally, the duty of good faith "may require affirmative action as well," such that a party must "not only refrain from hindering or preventing the occurrence of conditions of his own duty or the performance of the other party's duty," but may need "also to take some affirmative steps to cooperate in achieving these goals." *Cenac v. Murphy*, 609 So. 2d 1257, 1272 (Miss. 1992).

Here, Plaintiffs allege that the Defendant violated its duty of good faith and fair dealing when it "refused and/or failed to timely process the insurance claim and then denied the insurance

claim without an arguable or legitimate basis and based on an improper and incomplete investigation." Docket No. 1 at 9. Such pleading meets the specificity and plausibility requirements at the motion to dismiss stage.[1] Thus, we do not dismiss this claim.

### C. Negligence

Plaintiffs also assert that Allstate, either individually or through its agents, failed to exercise the degree of care, skill, knowledge, and ability ordinarily possessed by members of its profession in the performance of work for the Plaintiffs. As Plaintiffs stress, the Mississippi Supreme Court has recognized that "[a]ccompanying every contract is a common law duty to perform with care, skill and reasonable experience, and a negligent failure to observe any of these conditions is a tort as well as a breach of contract." *Gilmore Co. v. Garrett*, 582 So. 2d 387, 391 (Miss. 1991) (internal quotation and citation omitted). To qualify as a cause of action sounding in tort, not merely contract, "the act of omission or nonfeasance" must result in harm even "without proof of a contract to do what has been left undone." *Hazell Mach. Co. v. Shahan*, 161 So. 2d 618 (Miss. 1964). In such circumstances, the Mississippi Supreme Court has allowed a claim for negligence arising in the context of an insurance contract to proceed. *See Mladineo v. Schmidt*, 52 So. 3d 1154, 1163-64 (Miss. 2010) (remanding a negligence claim against an insurance agent to determine whether the agent "breached his professional duty and proximately caused any damages to the [Plaintiffs]").

Here, Plaintiffs' allegation that Allstate failed to timely resolve their claims, despite assurances by Allstate's agent that resolution was imminent, evidences a plausible claim of

---

[1] Notwithstanding the claims of material representation espoused in Allstate's claim denial letter, Plaintiffs' conduct tends to demonstrate good faith. Plaintiffs continued to pay the insurance policy premiums throughout the investigation of their claim. And Plaintiffs also fully complied with Allstate's requests for documents and interviews. Hence, potential concerns regarding "unclean hands" do not bar Plaintiffs' claim at this stage in the proceedings.

7

negligence. Such conduct, if true, marks more than a simple violation of the insurance contract. Rather, it evinces a breach of Allstate's common law duties to Plaintiffs. Thus, Plaintiffs allege sufficient facts to support the plausibility of their negligence claim. Accordingly, the motion to dismiss will be denied regarding this claim.

      **D.    Respondeat Superior and Vicarious Liability**

Plaintiffs have also included a count for respondeat superior and vicarious liability. Plaintiffs have not pled any specific facts regarding any negligent conduct by a specific employee and thus have failed to state a claim. The motion to dismiss with respect to this claim will be granted.

      **E.    Gross Negligence, Recklessness, and Intentional Conduct**

Under Mississippi law, "[a]n approximate definition of gross negligence is 'that course of conduct which, under the particular circumstances, discloses a reckless indifference to consequences without the exertion of any substantial effort to avoid them.'" *Ezell v. Bellsouth Telecommunications, Inc.*, 961 F.Supp. 149, 152 (S.D. Miss. 1997) (quoting *Dame v. Estes*, 101 So. 2d 644 (1958)). Mississippi courts have held that "'reckless disregard' embraces willful or wanton conduct which requires knowingly and intentionally doing a thing or wrongful act." *Turner v. City of Ruleville*, 7353 So. 2d 226, 230 (Miss. 1999) (internal citation omitted). And "intentional conduct" refers to behavior engaged in with the "actual intent" to cause tortious injury. *See Bowden v. Young*, 120 So. 3d 971, 979 (Miss. 2013) (discussing intentional torts in the context of the Mississippi Workers' Compensation Act).

In the present case, Plaintiffs contend that Allstate "committed actions and omissions in this matter that constituted gross negligence, recklessness, and intentional disregard for the Plaintiffs' rights and property." Docket No. 1 at 10. In support of their claim, Plaintiffs underscore

Defendant's alleged "misrepresentations about Defendant's purported investigation, delay in adjusting the claim, and denial based on manufactured reasons." Docket No. 11 at 14. Such factual allegations, taken as true, demonstrate a reckless indifference to, or even an intent to prolong or exacerbate, Plaintiffs' suffering resultant from the fire and subsequent delay and denial of their insurance claim. This count will not be dismissed.

### IV. Conclusion

Regarding their claims of tortious breach of contract; breach of good faith and fair dealing; negligence; and gross negligence, recklessness, and intentional conduct, Plaintiffs have sufficiently alleged facts which, taken as true, plausibly state claims upon which relief can be granted. They are entitled to discovery. As this Court has stated before, "Judicial experience and common sense indicate a reasonable expectation that discovery will reveal evidence supporting the claims against the [defendant]. If they do not, the defendant may revisit the issue under Rule 56." *Watson v. Allstate Prop. and Cas. Ins. Co.*, No. 3:16-CV-987-CWR-FKB, 2017 WL 4158860, at *3 (S.D. Miss. Sept. 19, 2017) (internal quotation and citations omitted). But Plaintiffs' count for respondeat superior and vicarious liability fails to state a claim upon which relief can be granted. As such, Allstate's Motion to Dismiss will be granted only with respect to Plaintiffs' respondeat superior and vicarious liability claims.

**SO ORDERED**, this the 25th day of August, 2021.

s/ Carlton W. Reeves
UNITED STATES DISTRICT JUDGE