# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
# NORTHERN DIVISION

**EASTER COMMON HAIMUR AND**  **PLAINTIFF**
**HASUM HAIMUR**

**V.**  **CAUSE NO. 3:20-CV-483-CWR-FKB**

**ALLSTATE PROPERTY AND**  **DEFENDANT**
**CASUALTY INSURANCE COMPANY**

## ORDER

Before the Court are the plaintiffs Easter Common Haimur and Hasum Haimur's motion for summary judgment [Docket No. 92], defendant Allstate Property and Casualty Insurance Company ("Allstate")'s motion for partial summary judgment [Docket No. 94], and the plaintiffs' motion for leave to file surreply [Docket No. 118]. The matters are fully briefed and ready for adjudication.

**I.     Factual and Procedural History**

The following factual and procedural history is drawn from the papers in this case.

On June 4, 2019, a fire occurred at the plaintiffs' house, which caused damage to the house and its contents. The plaintiffs had an insurance contract with Allstate in effect at the time of the fire that insured the plaintiff's personal property and house. The policy provided Coverage A ("Dwelling") for $237,722; Coverage B ("Other Structures") for $23,722; Coverage C ("Personal Property") for $118,861; and additional living expenses for up to twelve months. As a result of the fire, the plaintiffs were unable to reside in their house, suffered damage to their personal property within the house at the time of the fire, and have incurred and continued to incur additional living expenses. That same day, plaintiff Easter Common Haimur filed an insurance claim with Allstate for the Haimurs' losses.

A claim history submitted by Allstate indicates that the insurer began processing the Haimurs' claim on June 4, 2019. *See* Docket No. 92-13. Under the coverage for additional protections, Allstate paid for the Haimurs to rent a home and furniture in Madison County, Mississippi, for $2,000 and $1,200 per month, respectively. It required that the plaintiffs provide documentation related to the loss, including but not limited to cell phone records and bank statements. The plaintiffs claim that they fully cooperated with Allstate's Special Investigative Unit ("SIU") Investigator, Wilbur Jordan, and provided the requested information. The plaintiffs repeatedly followed up with Allstate to determine when Allstate would complete the investigation and pay their insurance claim. In September 2019, Jordan told the plaintiffs that he was finishing his investigation.

On March 17, 2020, Allstate retained counsel and requested that the plaintiffs provide additional documentation and sit for examinations under oath regarding the fire and associated damage. Allstate received a Fire Origin & Cause Report prepared by Jeremy Tolbert, an employee of an outside firm, on March 27, 2020. Docket Nos. 92-11 and 107-15. Tolbert found that "[p]hysical evidence established separate points of fire origin," and that "[t]here were no competent ignition sources that could explain the ignition in multiple areas other than an intentionally applied open flame device." Docket No. 92-11 at 2. On these bases, Tolbert concluded that "[t]he classification of the fire is incendiary." *Id.*

Allstate informed the plaintiffs that no action could be taken on the insurance claim until all of the requested documents had been produced. The plaintiffs cooperated with the request for documentation and sat for the examinations under oath on May 8, 2020.

On June 25, 2020, Allstate sent the plaintiffs a letter stating that Allstate decided to deny their claim, explaining:

2

> During our investigation of your claim, we concluded that the subject fire was incendiary in origin, and an insured person intentionally set fire to the loss location or procured the setting of the fire. Because Allstate concluded that the subject fire was not accidental, there is no coverage for your claim and your claim is denied.

Docket No. 1-4 at 2.

Further in the letter, Allstate declared that it found that the plaintiffs were blocked from recovering for their loss under the policy's Concealment or Fraud provisions, stating:

> During our investigation into your claim, we concluded that you [Easter Common Haimur] made misrepresentations of material facts and circumstances relating to the claim and the investigation into the claim. We also concluded that you concealed facts that were material to your claim. The misrepresentations include but are not limited to the following. You and your husband, Husam Haimur, represented that you left your residence prior to the fire for a trip to the Mississippi gulf coast and that you remained in that area until you received notification of the fire. Based upon our investigation into your claim, we concluded that the facts you reported regarding your whereabouts are false. In addition, you initially reported that the garage door at your house was left open when you departed for your trip to the Mississippi gulf coast. You testified in your examination under oath that the garage door was down when you departed for this trip. We therefore concluded that you made a misrepresentation regarding this subject matter. We concluded that there is evidence that you made additional material misrepresentations during the investigation of your claim. The misrepresentations you made relating to your claim and the investigation into your claim are breaches of the forgoing provision of your Allstate policy. For the reasons set forth above, your claim is denied.

Docket No. 1-4 at 2-3. After Allstate denied the insurance claim, it discontinued payments for plaintiff's additional living expenses.

Citing diversity jurisdiction, the plaintiffs filed a complaint against Allstate claiming (1) breach of contract; (2) tortious breach of contract; (3) breach of duty of good faith and fair dealing; (4) negligence; (5) respondeat superior and vicarious liability; and (6) gross negligence, recklessness, and intentional conduct in this Court on July 27, 2020. Allstate asserts that, except for the breach of contract count, the plaintiffs' complaint does not allege facts to support their causes of action.

3

Allstate filed a motion to dismiss on August 31, 2020. Docket No. 6. After extending the plaintiffs' time to respond, the Court granted in part and denied in part the motion on August 26, 2021. Docket No. 31. More specifically, it dismissed only the plaintiffs' respondeat superior and vicarious liability claims. *Id.* at 9. In preserving the remaining claims, the Court emphasized that the plaintiffs were "entitled to discovery." *Id.*

Discovery closed on November 15, 2021. The plaintiffs filed a motion for summary judgment as to Allstate's affirmative defenses of misrepresentation, concealment, and civil arson on December 15, 2021. Docket No. 93. That same day, Allstate filed its motion for summary judgment as to each of the plaintiffs' claims, save the count for breach of contract. Docket No. 94. Briefing on both motions concluded on February 11, 2022; however, the plaintiffs filed a motion for leave to file a surreply on February 14, 2022. Docket No. 118. Allstate opposed this motion. Docket No. 120.

Allstate urges that "[w]ith the exception of the breach of contract claim, the remaining counts should now be dismissed pursuant to Fed R. Civ. P. 56." Docket No. 95 at 2. The plaintiffs respond that summary judgment is inappropriate on these claims because genuine issues of material fact exist.

**II.      Legal Standard**

Summary judgment is appropriate when "the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to  judgment as a matter of law." Fed. R. Civ. P. 56(a). "Once a summary judgment motion is made and properly supported, the non-movant must go beyond the pleadings and designate specific facts in the record showing that there is a genuine issue for trial. Neither 'conclusory allegations' nor 'unsubstantiated assertions' will satisfy the nonmovant's burden." *Wallace v. Texas Tech. Univ.*, 80 F.3d 1042, 1047 (5th Cir. 1996) (quotation

marks and citations omitted). "Where the burden of production at trial ultimately rests on the nonmovant, the movant must merely demonstrate an absence of evidentiary support in the record for the nomovant's case." *Cuadra v. Houston Independent School Dist.*, 626 F.3d 808, 821 (5th Cir. 2010) (quotation marks and citation omitted); *see also Celotex v. Catrett*, 477 U.S. 317, 324 (1986).

A genuine dispute is one where the "evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). A fact is "material" if its resolution could affect the ultimate disposition of the case. *Burrell v. Dr. Pepper/Seven Up Bottling Grp., Inc.,* 482 F.3d 408, 411 (5th Cir. 2007). The nonmovant seeking to demonstrate a genuine issue of material fact is "required to identify specific evidence in the record, and to articulate the 'precise manner' in which that evidence supported their claim." *Forsyth v. Barr*, 19 F.3d 1527, 1537 (5th Cir. 1994) (quoting *Topalian v. Ehrman*, 954 F.2d 1125, 1131 (5th Cir. 1992)). "[U]nsubstantiated assertions are not competent summary judgment evidence." *Forsyth v. Barr*, 19 F.3d 1527, 1533 (5th Cir. 1994).

The Court views the evidence and draws reasonable inferences in the light most favorable to the non-movant. *Duval v. N. Assur. Co. of Am.*, 722 F.3d 300, 303 (5th Cir. 2013). "In reviewing the evidence, the court must view 'refrain from making credibility determinations or weighing the evidence.'" *Deville v. Marcantel*, 567 F.3d 156, 164 (5th Cir. 2009) (quoting *Turner v. Baylor Richardson Med. Ctr.*, 476 F.3d 337, 343 (5th Cir. 2007). If after doing so, no evidence exists that allows reasonable inferences supporting the nonmoving party's position, then summary judgment must be granted. *St. Amant v. Benoit*, 806 F.2d 1294, 1297 (5th Cir. 1987).

### III.   Discussion

The Court considers each party's motion for summary judgment in turn. It begins with the plaintiffs' motion, and then proceeds to Allstate's motion.[1]

**A.   The plaintiffs' motion for summary judgment**

In their motion for summary judgment, the plaintiffs argue that Allstate fails to offer evidence of opportunity to commit, or procure another to commit, arson. Rather, they contend that "Allstate's position is a combination of sheer speculation, conjecture, and fabrication." Docket No. 93 at 2. The plaintiffs first emphasize that Allstate denied their claim based on alleged material misrepresentations by Ms. Haimur; however, the plaintiffs stress, the record indicates that Ms. Haimur did not actually lie. *Id.* at 3-4. Further, the plaintiffs contend, Allstate's allusion to the fact that many of Ms. Haimur's family members live close to her home provided them with opportunity to set it ablaze is "a fabrication," a theory "illogical and conclusory." *Id.* at 16. On these bases, the plaintiffs urge the Court to enter summary judgment in their favor as to Allstate's civil arson defense.

The plaintiffs also renew their arguments that Allstate's delay in handling their claim gave rise to several torts. Specifically, they argue that Allstate's "investigation of the Plaintiffs' claim moved at a snail's pace with over 186 days of inactivity noted in the claims file." Docket No. 104 at 18. As stressed by the plaintiffs, the "ten month period between June 11, 2019 and . . . March 17, 2020" included "multiple weeks of inactivity on the insurance claim." *Id.* According to the plaintiffs, Allstate lacked an arguable basis for this delay. Therefore, the plaintiffs argue, Allstate's conduct amounted to "reckless disregard for the Plaintiffs' rights." *Id.* at 21.

---

[1] "Because this case is proceeding in diversity, the applicable substantive law is that of the forum state, Mississippi. State law is determined by looking to the decisions of the state's highest court." *Delancey v. MedAmerica Ins. Co.*, 248 F.Supp.3d 782, 784 (S.D. Miss. 2017) (citation omitted).

Allstate raises several issues in their response to the plaintiffs' motion for summary judgment, as well as their own motion for partial summary judgment. As to its civil arson defense, Allstate notes that its origin and cause expert, Patrick Kettering, investigated the home after the fire and found "evidence that the fire was incendiary." Docket No. 95 at 3. This, Allstate urges, satisfies the first element of its civil arson defense.

Allstate next argues that "[t]here is substantial evidence that [Ms.] Haimur had motive to start the fire." *Id.* Pointing to an assault Ms. Haimur suffered at the home in 2015 when an ex-boyfriend shot her, Allstate argues that she "had difficulties coping with her life after the shooting." *Id.* These difficulties included losing her job at Tougaloo College; moving in with her father for several months; and ultimately listing the home and attempting (unsuccessfully) to sell it. *Id.* at 3-4. Further, Allstate contends, Ms. Haimur owes over a hundred thousand dollars in debt.[2] *Id.* at 4. These factors together provide motive, Allstate claims, for the Haimurs to start the fire.

Finally, Allstate points to (1) the close proximity of several of Ms. Haimur's family members to the house that burned down and (2) Ms. Haimur's communication with some of these family members shortly before the fire to satisfy the final element of the arson defense. *Id.* at 5. Put another way, "[t]his provides evidence," Allstate emphasizes, "that Haimur had the opportunity to procure the setting of the fire by another person"—implicitly, a family member. Docket No. 95 at 5. The plaintiffs object to this line of argument.

The Court below considers each line of argument.

---

[2] The bulk of this debt—$119,000—reportedly comes from student loans. Other sources of debt include "an IRS lien of over $7,000" and a lawsuit by a creditor "for nearly $8,000" filed a couple months prior to the fire. Docket No. 95 at 4.

### 1. Misrepresentation and concealment defenses

"In Mississippi, for an insurance company to defeat a policy on the basis of a 'concealment' clause, it must establish that statements by the insured were (1) false *and* (2) material *and* (3) knowingly and willfully made." *Clark v. Aetna Cas. & Sur. Co.*, 778 F.2d 242, 245 (5th Cir. 1985) (emphasis in original) (internal citation omitted). The plaintiffs submit that no misrepresentation took place, as the record indicates that "Ms. Haimur did not tell anyone that she left the garage door open when she left for vacation" and "Ms. Haimur did not make a false representation about when she left for [the gulf coast]" Docket No. 93 at 18-19. Allstate counters that the record contains evidence supporting its misrepresentation defense. Docket No. 108 at 7-9. Specifically, Allstate cites to discrepancies in Ms. Haimur's testimony during her Examination Under Oath (EUO) and later statements. *See* Docket No. 95 at 13.

Upon review, the Court finds that the record raises genuine issues of triable fact as to Allstate's misrepresentation and concealment defenses. The jury must decide these issues. Thus, summary judgment is denied as to Allstate's misrepresentation and concealment defenses.

### 2. Civil arson defense

To prevail on an affirmative defense of civil arson, an insurer must demonstrate three elements: "(1) an incendiary fire; (2) motive of the insured to destroy the property; [and] (3) evidence that the insured had the opportunity to set the fire or to procure its being set by another." *McCory v. Allstate Ins. Co.*, 527 So.2d 632, 634-35 (Miss. 1988). The insured must prove each element by clear and convincing evidence. *Id.* at 635.

The plaintiffs claim that "the evidence makes clear that the position of Allstate is a fiction, a fabrication made of whole cloth." Docket No. 104 at 25. Allstate responds that "[t]he plaintiffs' motion does not dispute that Allstate has sufficient evidence of the first two elements—incendiary

fire and motive." Docket No. 108 at 3. It further emphasizes "that Mississippi law does not require an insurance company to present evidence of **who** set fire to the house." *Id.* (emphasis in original).

The plaintiffs correctly state that Mississippi courts apply the clear and convincing evidence standard to each element of the civil arson defense. *Allstate Ins. Co. v. McGory*, 697 So.2d 1171, 1174 (Miss. 1997). Yet the question is not whether Allstate satisfies this level of persuasion at present. Instead, the summary judgment standard requires the Court to consider whether Allstate submitted evidence to create a triable issue of fact. A review of the record reveals that they met this burden of production. Weighing of the evidence is a function of the jury. Summary judgment is therefore inappropriate at this time.

### 3. Arguable or legitimate basis to deny the claim defense

The Mississippi Supreme Court has held that:

> In order to prevail in a bad faith claim against an insurer, the plaintiff must show that the insurer lacked an arguable or legitimate basis for denying the claim, or that the insurer committed a wilful or malicious wrong, or acted with gross and reckless disregard for the insured's rights.

*Liberty Mut. Ins. Co. v. McKneely*, 862 So.2d 530, 533 (Miss. 2003) (internal citations omitted).

The Court first considers whether Allstate had an arguable basis to deny the plaintiffs' claims. "[W]hether an insurer possessed an arguable or legitimate reason is a matter of law," determined by "a preponderance of the evidence." *James v. State Farm Mut. Auto Ins. Co.*, 743 F.3d 65, 70 (5th Cir. 2014) (internal citations omitted). Arguably-based denials are generally defined as those which were rendered upon dealing with the disputed claim fairly and in good faith." *Andrew Jackson Life Ins. Co. v. Williams*, 566 So.2d 1172, 1184 (Miss. 1990) (internal citations omitted). When assessing the adequacy of an insurer's investigation, a court considers the totality of the circumstances. *See James v. State Farm Mut. Auto Ins. Co.*, 743 F.3d 65, 71 (5th Cir. 2014) (applying Mississippi law).

9

On this point, the plaintiffs argue that the reasons Allstate listed in its denial letter "were based on fabrications and a grossly negligent investigation with reckless disregard for the rights of Ms. Haimur." Docket No. 93 at 23. They also contend that Allstate "has no legitimate or arguable basis" to substantiate "the opportunity element of its civil arson defense." *Id.* at 24. These are their strongest arguments. In response, Allstate counters that it has provided evidence of opportunity to commit arson sufficient to allow its civil arson defense to proceed. Docket No. 108 at 4. It also emphasizes the "circumstantial evidence" pointing to Ms. Haimur's alleged motive to intentionally set, or procure the setting, of the fire. *Id.* at 6.

A thorough review of the papers in this case reveals genuine disputes on material facts central to Allstate's arguable basis of denial defense. The finder of fact must resolve these issues. Thus, summary judgment on this argument is inappropriate at this time.

### B. Defendant's motion for partial summary judgment

Onto Allstate's motion for partial summary judgment.

Allstate's motion for partial summary judgment as to the plaintiffs' tort claims boils down thusly: that it possessed an arguable basis for denying the Haimurs' claim, and that it did not unduly delay processing the Haimurs' claim. Further, emphasizing the similarities between the elements of tortious breach of contract and those of a bad faith claim, Allstate underscores that "[t]here is no evidence that Allstate committed an intentional wrong or participated in some activity amounting to an 'insult, abuse, or negligence so gross as to constitute an independent tort.'" Docket No. 95 at 14 (quoting *Robinson v. Southern Farm Bureau Cas. Co.*, 915 So.2d 516, 520 (Miss. Ct. App. 2005) (internal citations omitted)). Accordingly, Allstate urges, this Court should dismiss each of the plaintiffs' tort claims. Such dismissal will limit the plaintiffs' recovery "to damages

available for breach of contract." *Id.* at 16. This includes the exclusion of punitive damages. *Id.* at 9.

The plaintiffs oppose Allstate's motion on several grounds. Characterizing Allstate's arguments as speculative, and its purported delay and ultimate denial of the Haimurs' claims as founded on fabrications, the plaintiffs argue that the Court should deny Allstate's motion in full. The plaintiffs further stress that Allstate's denial letter cited two alleged misrepresentations by Ms. Haimur—namely, the date of the Haimurs' departure to the gulf coast prior to the fire, and her statement that the garage door was closed prior to departing to the gulf coast—and that evidence produced during discovery demonstrated that Ms. Haimur did not lie about either issue. The jury at trial, the plaintiffs urge, must "resolve the issue of whether Allstate had an arguable basis to deny the Plaintiffs' insurance claim and whether such acts constitute gross negligence." Docket No. 104 at 5.

The Court considers each contested claim below.[3]

First, tortious breach of contract. To assert a plausible tortious breach of contract claim, the Plaintiff must allege "some intentional wrong, insult, abuse, or negligence so gross as to constitute an independent tort." *Southern National Gas Co. v. Fritz*, 523 So. 2d 12, 19 (Miss. 1987). More specifically, the Mississippi Supreme Court has held that a Plaintiff alleging tortious interference with a contract must demonstrate:

> (1) That the acts were intentional and willful; (2) that they were calculated to cause damage to the plaintiffs in their lawful business; (3) that they were done with the unlawful purpose of causing damage and loss, without right or justifiable cause on the part of the defendant (which constitutes malice); and (4) that actual damage and loss resulted.

---

[3] The plaintiffs filed a motion for leave to file surreply to Allstate's motion for partial summary judgment, alleging that Allstate raised new arguments and evidence in its reply. Docket No. 118. Upon review, the Court finds this argument without merit, and will deny the motion.

*O.W.O. Investments, Inc. v. Stone Inv. Co., Inc.*, 32 So. 3d. 439, 448-49 (Miss. 2010). Further, "[e]xtracontractual damages … are not warranted where the insurer can demonstrate 'an arguable, good-faith basis for denial of a claim.'" *United Services Auto Ass'n (USSA) v. Lisanby*, 47 So. 3d 1172, 1178 (Miss. 2010) (quoting *United Amer. Ins. Co. v. Merrill*, 978 So. 2d 613, 627 (Miss. 2007)).

Start with the plaintiffs' arguments that Allstate's delay amounted to tortious interference with their insurance contract. "[A]n insurer's conduct does not amount to gross negligence or an intentional tort as long as the insurer is actively investigating a claim." *Pilate v. American Federated Ins. Co.*, 865 So.2d 387, 400 (Miss. Ct. App. 2004) (citing *Caldwell v. Alfa Ins. Co.*, 686 So.2d 1092, 1097 (Miss. 1996)). The Haimurs point to several periods of inactivity on their claim. *See* Docket No. 104 at 7-13. Yet, determining whether these periods amount to tortious interference is a factual question for the jury. Similarly, the Court must leave the Haimurs' arguments pertaining to the appropriateness of Allstate's denial of their claim for the trier-of-fact to weigh. Summary judgment on this point is hence premature.

Next, the alleged breach of duty of good faith and fair dealing. "All contracts contain an implied covenant of good faith and fair dealing in performance and enforcement." *Cenac v. Murry*, 609 So. 2d 1257, 1272 (Miss. 1992). A special relationship of trust arises between an insurer and its insured, and "parties to an insurance contract are expected to deal with each other in good faith and must abstain from any conduct which impairs the right of the other to receive the benefits of the agreement." *Blue Diamond, Inc. v. Liberty Mut. Ins*. Co., 21 F.Supp.2d 631, 633 (S.D. Miss. 1998). "A breach of this duty may give rise to an independent tort action for bad faith." *Id*.

The Haimurs' arguments regarding the alleged delay in handling their claim also bear on their claims for breach of the duty of good faith and fair dealing. Thus, as with the plaintiffs' tortious interference claim, this claim must go before the jury.

The Court now considers the claim for negligence. The Mississippi Supreme Court has recognized that "[a]ccompanying every contract is a common law duty to perform with care, skill and reasonable experience, and a negligent failure to observe any of these conditions is a tort as well as a breach of contract." *Gilmore Co. v. Garrett*, 582 So. 2d 387, 391 (Miss. 1991) (internal quotation and citation omitted). To qualify as a cause of action sounding in tort, not merely contract, "the act of omission or nonfeasance" must result in harm even "without proof of a contract to do what has been left undone." *Hazell Mach. Co. v. Shahan*, 161 So. 2d 618 (Miss. 1964). In such circumstances, the Mississippi Supreme Court has allowed a claim for negligence arising in the context of an insurance contract to proceed. *See Mladineo v. Schmidt*, 52 So. 3d 1154, 1163-64 (Miss. 2010) (remanding a negligence claim against an insurance agent to determine whether the agent "breached his professional duty and proximately caused any damages to the [Plaintiffs]").

The plaintiffs argue that Allstate's civil arson defense "was tainted by Allstate's fabrication of lies." Docket No. 104 at 29. More specifically, they urge that "Allstate's position assumes based on speculation and conjecture that the family members would have committed a crime at the request of Ms. Haimur." *Id.* at 31. Thus, the plaintiffs submit, "[g]enuine issues of material fact exist as to whether Allstate tortiously breached the insurance contract by denying it without arguable basis." *Id.*

13

The plaintiffs' argument on this point is persuasive. A jury must weigh the evidence submitted by each side and then rule on the negligence claim. The Haimurs have satisfied their burden of production. Summary judgment is therefore inappropriate as to this claim.

Finally, the plaintiffs' claims for gross negligence, recklessness, and intentional conduct. Under Mississippi law, "[a]n approximate definition of gross negligence is 'that course of conduct which, under the particular circumstances, discloses a reckless indifference to consequences without the exertion of any substantial effort to avoid them.'" *Ezell v. Bellsouth Telecommunications, Inc.*, 961 F.Supp. 149, 152 (S.D. Miss. 1997) (quoting *Dame v. Estes*, 101 So. 2d 644 (1958)). Mississippi courts have held that "'reckless disregard' embraces willful or wanton conduct which requires knowingly and intentionally doing a thing or wrongful act." *Turner v. City of Ruleville*, 7353 So. 2d 226, 230 (Miss. 1999) (internal citation omitted). And "intentional conduct" refers to behavior engaged in with the "actual intent" to cause tortious injury. *See Bowden v. Young*, 120 So. 3d 971, 979 (Miss. 2013) (discussing intentional torts in the context of the Mississippi Workers' Compensation Act).

In support of this claim, the Haimurs submit that they "have adduced evidence that Allstate failed to even attach a recorded statement to the claims file, depriving Allstate's Claims Examiner of relevant facts to the claims analysis." Docket No. 104 at 34. Further, the plaintiffs argue that Allstate abnegated its duty to them when post-fire it "placed the Plaintiffs in a smaller residence and controlled the process by directing and providing 'approved' options for the insureds that were substantially smaller than the insured property." *Id.* at 35. Allstate responds that the plaintiffs' "entire argument is based upon picking and choosing facts which they assert supports their position and ignoring other facts." Docket No. 115 at 1.

Allstate may well be correct that the plaintiffs cherry-picked evidence in their response to the insurer's motion for summary judgment. Nevertheless, the relevant inquiry is not whether the plaintiffs engaged in a self-serving interpretation of the record, but whether they marshaled evidence sufficient to create a triable issue of genuine fact. The plaintiffs satisfy this latter inquiry. A jury must decide these issues. As such, summary judgment is inappropriate as to the plaintiffs' claims for gross negligence, recklessness, and intentional conduct.

In sum, a thorough review of the record reveals that the plaintiffs met their burden of production "by raising a fact issue regarding whether [Allstate] had a legitimate or arguable basis for delaying its payment during this time period." *James v. State Farm Mut. Auto Ins. Co.*, 743 F.3d 65, 77 (5th Cir. 2014) (applying Mississippi law). As such, the plaintiffs are "entitled to present [their] claim[s] to a finder of fact"—here, the jury. *Id.* Each of the plaintiffs' tort claims therefore survive Allstate's motion for partial summary judgment.

**IV.   Conclusion**

The Haimurs' motion for summary judgment is denied. Allstate's motion for partial summary judgment is also denied. Finally, the plaintiffs' motion for leave to file a surreply is denied as well.

**SO ORDERED**, this the 20th day of April, 2022.

s/ Carlton W. Reeves
UNITED STATES DISTRICT JUDGE